UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08546-RGK-SS | Date | January 28, 2020 |
|---|---|---|---|
| Title | *Santa Barbara Cottage Hospital v. Global Excel Management, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction [20]

## I. INTRODUCTION

On June 19, 2019, Santa Barbara Cottage Hospital ("Plaintiff," or "Cottage Hospital") filed an action in Santa Barbara Superior Court against Global Excel Management, Inc. ("Defendant," or "Global Excel") alleging (1) breach of implied-in-fact contract; and (2) *Quantum Meruit*. On October 3, 2019, Defendant removed the action to this Court based on diversity jurisdiction. Soon after, on November 25, 2019, Plaintiff filed a First Amended Complaint ("FAC," ECF No. 19.)

Presently before the Court is Defendant's Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(2). For the following reasons, the Court **DENIES** Defendant's Motion.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following facts:

Plaintiff is a non-profit hospital that was incorporated and has its principal place of business in California.

Defendant is a corporation in the business of arranging health-care service providers for its enrollees and paying for those services. Defendant is incorporated and has its principal place of business in Canada. (FAC ¶¶ 1-2.)

Plaintiff provided medically necessary services to Patients J.J. and S.Y. ("Patients") who were enrolled in Defendant's health plan. (*Id.* ¶ 7.) Plaintiff did not have a written agreement with Defendant governing reimbursement rates for medical services or information regarding what individuals were members of Defendant's health plan. (*Id.* ¶ 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08546-RGK-SS | Date | January 28, 2020 |
|---|---|---|---|
| Title | *Santa Barbara Cottage Hospital v. Global Excel Management, Inc.* | | |

When the Patients arrived at Plaintiff's facility, Plaintiff contacted Defendant to confirm whether Defendant was the principal responsible for the patients and the costs associated with providing them medical services. In response, Defendant provided Plaintiff with relevant insurance verification and coverage information for the Patients. At all relevant times, Global Excel or its agent authorized the medical services rendered to the patients by Cottage Hospital. (*Id.* ¶¶ 9-10.)

Plaintiff rendered the necessary medical services and billed Defendant in the amount of $469,829.43. Defendant paid $176,970.56 but has failed to pay the remainder, despite demands for payment. As a result, Plaintiff suffered damages in an amount of $292,858.87. (*Id.* ¶¶ 13-18.)

### III. JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that the exercise of personal jurisdiction is proper. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990). Accordingly, the court only "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l psychoanalytical Ass'n.*, 59 F.3d 126, 128 (9th Cir. 1995). Factual disputes are resolved in the plaintiff's favor. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1554 (9th Cir. 2006). Uncontroverted allegations in the complaint must be taken as true, but the plaintiff cannot "simply rest on the bare allegations of its complaint." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787; *see AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

A party seeking to exert personal jurisdiction over a non-resident must satisfy both the forum state's long-arm statute and be within the constitutional limits of due process. *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute goes to the full extent of the Due Process clause. Cal. Civ. Proc. Code § 410.10 (West 2013). Therefore, when determining personal jurisdiction, the federal courts in California must ensure that the exercise of personal jurisdiction comports with due process.

A federal district court may exercise personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110–11 (9th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08546-RGK-SS | Date | January 28, 2020 |
|---|---|---|---|
| Title | *Santa Barbara Cottage Hospital v. Global Excel Management, Inc.* | | |

(1945)). A district court "may exercise either general or specific personal jurisdiction over non-resident defendants." *Fed. Deposit Ins. Corp. v. British-Am Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987)

### IV. DISCUSSION

Plaintiff argues that the Court has both general and specific jurisdiction over Defendant. The Court addresses these arguments in order.

#### A. General Jurisdiction

"[G]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, i.e., comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11 (2014). "The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." *Ranza*, 793 F.3d at 1069 (citing *Daimler*, 571 U.S. at 137). "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Id.* (internal quotation marks omitted) (quoting *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014)).

This Court does not have general jurisdiction over the Defendant. Defendant is incorporated in Canada and its principal place of business is in Quebec. Furthermore, Plaintiffs have not indicated any exceptional circumstance that would justify the exercise of general jurisdiction in California, and the Court therefore finds that there is none.

#### B. Specific Jurisdiction

The Ninth Circuit uses a three-pronged test to determine whether a defendant is subject to specific personal jurisdiction: (1) the nonresident defendant must purposefully direct her activities to the forum state or perform some act by which she purposefully avails herself of the privilege of conducting activities in the forum state; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of proving the first two elements. *Id.* If the plaintiff succeeds, the burden shifts to the defendant to show that the exercise of jurisdiction would be unreasonable. *Id.*

The Court addresses each prong in order.

##### a. *Purposeful Availment*

"For claims sounding in contract, we generally apply a 'purposeful availment' analysis and ask whether a defendant has "purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08546-RGK-SS | Date | January 28, 2020 |
|---|---|---|---|
| Title | *Santa Barbara Cottage Hospital v. Global Excel Management, Inc.* | | |

*Schwarzenegger*, 374 F.3d at 802. "A showing that a defendant purposefully availed herself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id*. (alterations omitted). The mere fact of entering into a contract with an out-of-state party, however, does not confer jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). Instead, a variety of factors—prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—must be considered. *Id*. at 479.

Plaintiff argues that Global Excel has purposefully availed itself of the privilege of doing business in California by establishing business relationships with hospital networks in California, directing its insureds to those hospitals, and managing the claims that result from the patients' treatment there. The Court agrees that Defendants have sufficiently availed themselves of the privilege of doing business in California to satisfy the purposeful availment prong.

Defendant administers claims for insured individuals who need medical assistance while traveling in the United States. As part of its claims administration, Global Excel is a member of numerous preferred provider organizations ("PPOs"), through which it can obtain medical care for its insureds at reduced rates, including networks in California.[1] Defendant's website specifically holds itself out as a provider of services throughout the U.S. market: "Global Excel is one of the largest independent assistance and cost containment companies specializing in the U.S. Market." (*See* Jiao Decl. Ex. 7, ECF No. 24-8.)

Pursuant to this business model, Defendant directs its insureds to certain hospitals in California through its PPO memberships, including Cottage Hospital, the Plaintiff in this case. (*See* Jiao Decl., Ex 10, ECF No. 14-11.) Defendant then does business directly with these hospitals in order to handle the payment of Plaintiff's claims. Plaintiff asserts that Cottage Hospital has itself done business with Defendant several times in the past. (Gress Decl. ¶ 10, ECF No. 24-15.)

Defendants cite to several cases in which courts found a lack of personal jurisdiction where a plaintiff obtained an insurance policy in one jurisdiction, traveled to and was injured in a second jurisdiction, and then sought reimbursement for treatment there. *See, e.g., Alaska Reg'l Hosp. v. Amil Int'l Ins. Co.*, No. A03-177 CV (JWS), 2003 WL 24085347, at *1 (D. Alaska Nov. 5, 2003) (Alaska district court found no jurisdiction over Texas insurer where insured traveled from Texas to Alaska, obtained medical care there, and sued in Alaska.) The *Alaska* Court's decision aptly highlights the distinction between the facts of that case and this one. The court in

---

[1] The Parties dispute the number of hospitals in California to which Defendant's insureds have access. However, the precise number of California hospitals in Defendant's PPO networks is not the issue. Defendant does not dispute that it maintains contracts with PPOs and directs its insureds to hospitals within those networks, including Cottage Hospital.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08546-RGK-SS | Date | January 28, 2020 |
|---|---|---|---|
| Title | *Santa Barbara Cottage Hospital v. Global Excel Management, Inc.* | | |

that case held that "[w]hile [the Texas insurer] could certainly anticipate that its insureds would travel out-of-state and need medical treatment, there is no reason for them to anticipate being sued in the forum where they received treatment." *Alaska Reg'l Hosp.*, 2003 WL 24085347, at *4. It then went on to describe the essential role that the foreseeability of being haled into court plays in a minimum contacts analysis. *Id*. In Global Excel's case, by contrast, travel is the crux of their business. It is therefore entirely foreseeable that Defendants would be sued in California by hospitals to which they direct patients, and with whom they then develop a dispute about the bill after entering into payment discussions.

The network of ongoing connections born of Defendant's PPO memberships—including its relationship with Cottage Hospital—constitutes purposeful availment. Defendant has voluntarily entered into relationships with hospitals in California for purposes of obtaining medical services for its enrollees. Therefore, when an issue arises out of one Defendants transactions undertaken pursuant to such relationships, Defendant should not be surprised when it is haled to court in this state. *See Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913–14 (9th Cir. 1990); *Hajjar v. Blue Cross and Blue Shield of Texas*, No. SACV09-00362-CJC(JTLx), 2009 WL 2902482 (C.D. Cal. Sept. 10, 2009).

b. *Relatedness*

To determine whether a claim against an out-of-state defendant arises from the defendant's forum-related activities, courts employ a "but for" test. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (citing *Myers v. Beennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001)). The Plaintiff must show that it would not have suffered an injury but for the defendant's forum-related conduct.

Here, Plaintiff claims that the Patients came to Cottage Hospital for medical services because Cottage Hospital is in Defendant's PPO network. Plaintiff substantiates this argument with a screenshot from Global Excel's webpage which lists "Santa Barbara Cottage Hospital" under a list of results for a search entitled "Locate a Provider Near You" in Santa Barbara. (Jiao Decl., Ex 10.) In short, but for Defendant's connection with Plaintiff through its PPO network, and its advertisement of that connection, Plaintiffs would likely have sought care someplace else in order to ensure coverage. Subsequently, when the Patients were admitted into Plaintiff's facility, Plaintiff contacted Defendant directly, who then represented that the Patients were covered by Defendant's insurance and tendered partial payment. (Gress Decl. ¶¶ 3 and 9, ECF No. 23-15.) Indeed, this alleged partial payment is the underlying issue in this case and is a direct result of Defendant's alleged conduct.

Accordingly, Plaintiff has satisfied the second prong.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08546-RGK-SS | Date | January 28, 2020 |
|---|---|---|---|
| Title | *Santa Barbara Cottage Hospital v. Global Excel Management, Inc.* | | |

    c. *Reasonableness*

    "Once it has been decided that a defendant purposefully established minimum contacts within the forum state, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Core-Vent Corp. v. Nobel Industries, AB*, 11 F.3d 1482, 1487 (9th Cir. 1993) (quoting *Burger King*, 471 U.S. 462, 476–77). If the plaintiff has shown purposeful availment and that claim arises from defendant's forum-related activities, the defendant "must present a compelling case that would render jurisdiction unreasonable." *Id.* The Ninth Circuit considers seven factors to determine whether a court's exercise of personal jurisdiction over a particular defendant is reasonable: "(1) the extent of the defendants' purposeful interjection in to the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Core-Vent Corp.*, 11 F.3d at 1487 (citing *Paccar Int'l, Inc v. Commercial Bank of Kuwait,* 757 F.2d 1058, 1064 (9th Cir. 1985)).

    Taken together, these factors weigh in favor of this Court retaining jurisdiction. First, Defendant purposefully interjected itself into the California through the establishment of its PPO network. Second, the burden on the Defendant to litigate in California is not disproportionate because Defendant has already investigated the claim and partially paid the medical coverage here. *See Farmers Ins.*, 907 F.2d at 915 (burden was minimal because defendant already investigated the claim and paid medical coverage in forum state). The third factor also weighs in Plaintiff's favor: Defendants operate throughout all of North America, and the Court sees little in this case that suggests Canada has a strong interest in adjudicating this dispute. Fourth, California has a strong interest in ensuring the proper adjudication of contractual disputes with California healthcare entities. Fifth, litigating this case in California would likely provide for the most efficient resolution, as most of the relevant events giving rise to the litigation transpired here and this is where many of the witnesses are located.

    The sixth factor also significantly favors litigating in California, as the burden on Plaintiffs—who have no other ties to Canada—would be substantial were they required to litigate there. Further, "[a]s courts have observed, plaintiffs would be severely disadvantaged if forced to 'follow the insurance company to a distant State in order to hold it legally accountable . . . thus in effect making the company judgment proof.'" *Hirsch v. Blue Cross, Blue Shield of Kansas City,* 800 F.2d 1474, 1481 (9th Cir. 1986) (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)). Finally, for the same reasons listed above, litigating this dispute in Canada as an alternative forum would be less than ideal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08546-RGK-SS | Date | January 28, 2020 |
|---|---|---|---|
| Title | *Santa Barbara Cottage Hospital v. Global Excel Management, Inc.* | | |

Accordingly, this Court's exercising personal jurisdiction over Defendant comports with "fair play and substantial justice."

**V.   CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

____ : ____

Initials of Preparer    _____