1  LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.
2  JOY STEPHENSON-LAWS, ESQ.        (SBN 113755)
   RICHARD A. LOVICH, ESQ.          (SBN 113472)
3  KARLENE ROGERS-ABERMAN, ESQ.     (SBN 237883)
4  CHRISTOPHER HAPAK, ESQ.          (SBN 267212)
   GERALDINE S. GARCIA, ESQ.        (SBN 319561)
5  303 N. Glenoaks Blvd., Suite 700
6  Burbank, CA 91502
   Telephone:  (818) 559-4477
7  Facsimile:  (818) 559-5484

8  Attorneys for Plaintiff
9  SANTA BARBARA COTTAGE HOSPITAL, a California non-profit
   corporation
10

11

12              UNITED STATES DISTRICT COURT
13              CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| SANTA BARBARA COTTAGE HOSPITAL, a California non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL EXCEL MANAGEMENT, INC., a Canadian for-profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | Case No.:   2:19-cv-08546-RGK-SS<br><br>**JOINT RULE 26(f) REPORT**<br><br><u>Rule 16(b) Conference</u><br>Date: June 1, 2020<br>Time: 9:00 a.m.<br>Courtroom: 850 |

1  Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule
2  26-1, and this Court's January 28, 2020 Order setting Scheduling Conference for
3  June 1, 2020, Plaintiff SANTA BARBARA COTTAGE HOSPITAL ("Plaintiff" or
4  "COTTAGE") and Defendant GLOBAL EXCEL MANAGEMENT ("Defendant"
5  or "GLOBAL EXCEL") have met, conferred, and jointly prepared the following
6  report:

### 1. FACTUAL SUMMARY

This matter involves an alleged underpayment for emergency medical services provided by COTTAGE to two individuals, Patient J.J. and Patient S.Y. (collectively, "PATIENTS"), in 2017. COTTAGE billed $469,829.43 for its medical care to PATIENTS.

COTTAGE has asserted causes of action against GLOBAL EXCEL for breach of implied-in-fact contract and *quantum meruit*.

### A. COTTAGE contends:

PATIENTS were beneficiaries of GLOBAL EXCEL'S health plan.

COTTAGE'S usual and customary total billed charges for rendering the medically necessary care to the PATIENTS amounted to $469,829.43. GLOBAL EXCEL refused and failed to fully pay COTTAGE for the medically necessary services rendered to the PATIENTS, despite COTTAGE'S demand.

In the *quantum meruit* cause of action, COTTAGE is seeking the reasonable value of the medically necessary services it rendered to the PATIENTS pursuant to COTTAGE's pre-existing legal duty under EMTALA[1] for accepting patients with emergency medical conditions. COTTAGE will establish at trial, through percipient and expert testimony, that the billed charges do in fact reflect the

---

[1] The acronym "EMTALA" stands for "Emergency Medical Treatment and Active Labor Act," as codified at 42 U.S.C. § 1395dd. Cal. Health & Safety Code § 1317 *et seq.* forms the set of statutes colloquially known as "California EMTALA."

1  reasonable value of the medically necessary care rendered.[2]

2  COTTAGE contends, and this Court has already ruled that this Court has
3  personal jurisdiction over GLOBAL EXCEL.

4  **B. GLOBAL EXCEL contends**:

5  This Court's ruling on personal jurisdiction established one thing: that the
6  complaint "make[s] a prima facie showing of personal jurisdiction," with all
7  "factual disputes . . . resolved in the plaintiff's favor." Order re: Defendant's
8  Motion to Dismiss, ECF No. 28 at 2.

9  This was not a final ruling, and GLOBAL EXCEL maintains the right to
10 challenge the factual issues raised in the motion at a later time. *Klopman-*
11 *Baerselman v. Air & Liquid Sys. Corp.*, Case No. 3:18-cv-05536-RJB, 2019 WL
12 2725683, at *2 (W.D. Wash. July 1, 2019) (after denying motion to dismiss for
13 lack of personal jurisdiction and denying the defendant's "request for an
14 evidentiary hearing <u>at this time</u>" stating that "[j]urisdiction issues may be further
15 raised by motion.").

16 GLOBAL EXCEL contends that the facts show that its contacts are not
17 related to California. The referenced PPO network did not play any role in
18 directing Patients to COTTAGE, and GLOBAL EXCEL did not learn that
19 PATIENTS were admitted into COTTAGE until after they were, in fact, admitted.

20 GLOBAL EXCEL is in the process of conducting discovery and will raise
21 the issue by motion at a later time.

22 Separately, GLOBAL EXCEL does not issue health plans, so PATIENTS
23 were not—and could not have been—insured by a GLOBAL EXCEL health plan.

24 Although COTTAGE's billed charges were $469,829.43, it is entitled only
25 to recover the reasonable value of its services. GLOBAL EXCEL contends a

---

[2] The reasonable value of care being an amount that might be the bill that the medical provider submits or an amount that a health care service plan chooses to pay or some amount in between. *Children's Hospital Central California v. Blue Cross of California*, 226 Cal.App.4th 1260, 1275 (2014) *citing Prospect Med. Grp., Inc. v. Northridge Emergency Med. Grp.*, 45 Cal. 4th 497, 505 (2009).

medical provider's billed charges are not the reasonable value of its services. *Sanjiv Goel, M.D., Inc. v. Regal Med. Grp., Inc.*, 11 Cal. App. 5th 1054, 1058–59, 1065 (2017) (affirming trial court verdict that the reasonable value of the medical services in that case were about 3.5% of the billed charges—a $9,660.86 out of billed charges of $275,383.16). GLOBAL EXCEL further contends that it has already paid COTTAGE the reasonable value of its medical services.

## 2. PRINCIPAL ISSUES

    a. Whether COTTAGE is entitled to any additional payment from GLOBAL EXCEL for the services rendered to the PATIENTS.

        a. Whether COTTAGE is entitled to its full billed charges for the services rendered to the PATIENTS.

        b. The reasonable value of Cottage Hospital's medical services, which is partly determined by the amount other insurers pay Cottage Hospital for similar medical services.

    b. Whether there is personal jurisdiction over Global Excel in California[3].

## 3. AMENDMENTS

The pleadings are final. The parties do not anticipate further amending the pleadings, unless discovery reveals otherwise.

## 4. DISCOVERY PLAN

    **A. Initial Disclosures**:

        a. The parties do not propose any changes with regard to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).

        b. The parties have agreed to serve on each other their Initial Disclosures by March 20, 2020.

---

[3] COTTAGE contends the issue of personal jurisdiction over GLOBAL EXCEL in California was decided in this Court's Order Denying GLOBAL EXCEL's Motion To Dismiss. [Dkt. No. 28.]

**B. Scope and Completion of Discovery**:

    c.  The parties do not have any modifications to the scope of discovery. Discovery should not be phased, and its scope should not be limited to particular issues at this stage.

    d.  With respect to expert witness disclosures, the parties will utilize the provisions of Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Civ. P. 26(a)(2)(D).

    e.  The methods of available discovery should not be limited and should be governed by the Federal Rules of Civil Procedure.

    f.  The parties are not aware of any issues concerning electronically stored documents.

    g.  The parties will submit a proposed protective order to govern the disclosure of confidential and health information.

**LOCAL RULE 26-1 REQUIREMENTS**

**5. COMPLEX CASES**

The parties agree the case is not complex and complex litigation procedures should not be utilized.

**6. MOTIONS**

    **A. Cottage Contends**:

A Motion to Dismiss for Lack of Personal Jurisdiction was filed by GLOBAL EXCEL and denied by this Court. COTTAGE does not anticipate filing any motions at this time, but reserves it rights to file Motion for Summary Judgment and/or Summary Adjudication following completion of discovery.

    **B. Global Excel contends**:

This Court's ruling on personal jurisdiction established only that there was a prima facie basis for jurisdiction on a deferential standard of review that required resolving all factual conflicts in COTTAGE's favor. Order re: Defendant's Motion

to Dismiss, ECF No. 28 at 2. GLOBAL EXCEL will exercise its right to challenge personal jurisdiction at a later time on a non-deferential standard of review. *Klopman-Baerselman*, Case No. 3:18-cv-05536-RJB, 2019 WL 2725683, at *2 (after denying motion to dismiss for lack of personal jurisdiction and denying the defendant's "request for an evidentiary hearing at this time" stating that "[j]urisdiction issues may be further raised by motion.").

GLOBAL EXCEL may move for summary judgment on certain issues.

### 7. SETTLEMENT AND SETTLEMENT MECHANISM

After conducting discovery, the parties believe they will be in a position to have good faith discussions regarding settlement and/or resolution of the case. For purposes of settlement negotiations, the parties elect to undertake Suggested ADR Procedure No. 2 under Local Rule 16-15.4 by appearing before a neutral selected from the Court's mediation panel.

### 8. TRIAL ESTIMATE

The parties estimate that the length of trial will be four days and will be tried in this Court.

COTTAGE requests a trial date approximately 10 months from the June 1, 2020 conference.

GLOBAL EXCEL requests a trial date commencing on or after July 2020.[4]

### 9. ADDITIONAL PARTIES

The parties do not foresee the likelihood of appearance of additional parties.

### 10. EXPERT WITNESSES

Both parties anticipate presenting expert testimony at trial. The parties agree there is no need to deviate from the timing of expert witness disclosures as provided for in Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Civ. P. 26(a)(2)(D).

---

[4] Global Excel expressly reserves its right to request a continuance of the trial date upon a showing of good cause. Global Excel may need to undertake third-party, foreign discovery. If it does, the timeline for effecting service of international process may require a continuance of the trial date.

| | |
|---|---|
| 1  Dated: 17 March 2020 | |
| 2 | LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC. |
| 3 | |
| 4 | /s/ GERALDINE GARCIA |
| 5 | GERALDINE S. GARCIA |
| 6 | Attorneys for SANTA BARBARA COTTAGE HOSPITAL, a California non-profit corporation |
| 7 | |
| 8 | |
| 9 | |
| 10  Dated: 17 March 2020 | |
| 11 | PIERCE BAINBRIDGE BECK PRICE & HECHT LLP |
| 12 | |
| 13 | /s/ DAN TERZIAN |
| 14 | DAN TERZIAN |
| 15 | Attorneys for GLOBAL EXCEL MANAGEMENT, INC., a Canadian for-profit corporation |
| 16 | |

**ATTESTATION OF E-FILED SIGNATURE**

I, Geraldine Garcia, am the ECF user whose ID and password are being used to file this JOINT RULE 26(f) REPORT. In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that Dan Terzian, counsel for Defendant has concurred in this filing.

/s/ GERALDINE GARCIA

Geraldine Garcia